Michelle L. Roberts, State Bar No. 239092
E-mail: michelle@robertsdisability.com
ROBERTS DISABILITY LAW, P.C.
66 Franklin Street, Ste. 300
Oakland, CA 94607
Telephone: (510) 230-2090
Facsimile: (510) 230-2091

Attorneys for Plaintiff,
Hugh Solvason

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Hugh Solvason,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>The Prudential Insurance Company of America,<br><br>　　　　Defendant. | CASE NO.: 5:22-cv-8990<br><br>**COMPLAINT (ERISA)** |

Plaintiff, Dr. Hugh Solvason ("Plaintiff") herein sets forth the allegations of his Complaint against Defendant The Prudential Insurance Company of America ("Prudential") for its wrongful denial of his long-term disability benefit claim.

## JURISDICTION

1. This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves claims by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under the employee benefit plan.

Plaintiff seeks relief, including but not limited to, payment of the correct amount of benefits due under his plan, prejudgment and post-judgment interest, reinstatement to the benefit plan at issue herein, and attorneys' fees and costs.

## VENUE

2. Venue lies in the Northern District of California pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because Plaintiff resides in this district, the breaches alleged occurred in this District, and the ERISA-governed plan at issue was administered in part in this District. Venue is also proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District.

## INTRADISTRICT ASSIGNMENT

3. Pursuant to Civil L.R. 3-2(d) and 3-5, Plaintiff believes that this matter may be assigned to the San Jose division since a substantial part of the events or omissions which give rise to this action occurred primarily in Santa Clara County. Plaintiff does not object to assignment to either the San Francisco or Oakland divisions.

## PARTIES

4. Plaintiff presently works as a Clinical Associate Professor in the Department of Psychiatry and Behavioral Sciences at Stanford University School of Medicine. Plaintiff resides in Santa Clara County, State of California. Plaintiff became partially disabled due to a medical condition starting November 16, 2020. As of this date, Plaintiff started working part-time hours as a Clinical Associate Professor.

5. At the time of his partial disability, Plaintiff was a participant, as defined by ERISA § 3(7), 29 U.S.C. § 1002(7), in the Stanford University Postdoctoral Affiliates Welfare Benefit Plans, sponsored by Leland Stanford Junior University ("the Plan"), which provided, among other benefits, long term disability ("LTD") benefits.

6. Defendant Prudential is a licensed insurance company headquartered in the State of New Jersey. Prudential is authorized to transact business in the Northern District of California and may be found in the Northern District of California. Prudential administers and insures LTD benefits for the Plan under Group Contract Number G-97179-CA. This contract covers all employees of

Stanford University or SLAC National Accelerator Laboratory who are in active employment in the United States.

FIRST CLAIM FOR RELIEF
(29 U.S.C. § 1132(a)(1)(B))
Claim for Long-Term Disability Benefits against Defendant

7. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

8. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), permits a plan participant to bring a civil action to recover benefits due to him under the terms of a plan, to enforce his rights under the terms of a plan, and/or to clarify his rights to future benefits under the terms of a plan.

9. Plaintiff filed a claim for long-term disability benefits with Prudential based on his partial disability under the terms of the group contract based on a November 16, 2020 date of disability. Prudential assigned claim number 12979265.

10. The terms of the Prudential LTD policy at issue here provides that a participant is disabled when he is either totally disabled or partially disabled. The policy contains the following definition of Partial Disabled.

**When Are You Partially Disabled?**

You are partially disabled when:

- you are not totally disabled; and

- while actually working in your usual occupation, and as a result of your sickness or injury, you are unable to earn 80% or more of *your indexed monthly earnings*.

After 24 months of payments, you are partially disabled when:

- are not totally disabled; and

- while actually working in an occupation, and as a result of the same sickness or injury, you are unable to engage with reasonable continuity in that or any other occupation in which you could reasonably be expected to perform satisfactorily in light of your age, education, training, experience, station in life, and physical and mental capacity.

11. By letter dated December 13, 2021, Prudential denied Plaintiff's claim for partial disability benefits.

12. By letter dated August 22, 2022, through counsel, Plaintiff submitted a written appeal of his denial to Prudential.

13. After several back-and-forth exchanges of information between Plaintiff's counsel and Prudential, by letter dated December 15, 2022, Prudential upheld its decision to deny Plaintiff's LTD benefits.

14. In its December 15, 2022 denial letter, Prudential advised Plaintiff that he may file a lawsuit under ERISA. Plaintiff has exhausted any and all administrative remedies which may be required by ERISA or the Plan.

15. At all relevant times, Plaintiff has been entitled to long-term disability benefits under the Plan due to his partial disability. By denying Plaintiff's claim for LTD benefits under the Plan, and by related acts and omissions, Defendant has violated, and continues to violate, the terms of the Plan and Plaintiff's rights thereunder.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant the following relief against Defendant:

1. Declare that Defendant violated the terms of the Plan by denying Plaintiff's claim for long-term disability benefits based on a November 16, 2020 date of partial disability;

2. Order Defendant to pay long-term disability benefits to Plaintiff pursuant to the terms of the Plan from February 14, 2021 through the present, together with prejudgment interest on each and every such monthly payment through the date judgment is entered herein and post-judgment interest as allowed for under ERISA;

3. Award Plaintiff reasonable attorneys' fees and costs incurred herein pursuant to 29 U.S.C. § 1132(g); and

4. Provide such other and further relief as this Court deems equitable and just.

DATED: December 20, 2022                    ROBERTS DISABILITY LAW, P.C.

                                By:   /s/ Michelle L. Roberts
                                      Michelle L. Roberts
                                      Attorneys for Plaintiff,
                                      Hugh Solvason